**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**District Judge William J. Martínez**

Civil Action No. 13-cv-02575-WJM

DAVID B. HOECK,

      Applicant,

v.

RAE TIMME, Warden,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, David B. Hoeck, is in the custody of the Colorado Department of Corrections (CDOC).  He is incarcerated currently at the Colorado Territorial Correctional Facility in Canon City, Colorado. Mr. Hoeck has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in the District Court of Mesa County, Colorado.  He has paid the $5.00 filing fee.

In an October 16, 2013 order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a pre-answer response on December 3, 2013.  Applicant filed a reply on December 27, 2013.

The Court must construe liberally the Application filed by Mr. Hoeck because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

On July 18, 2008, Mr. Hoeck was convicted by a jury of possession of cocaine with intent to distribute in Mesa County District Court Case No. 07CR1572.  (ECF No. 12-1, at 8).  He was sentenced the same day to an eighteen-year prison term with the Colorado Department of Corrections.  (*Id.* at 7-8).

The Colorado Court of Appeals affirmed Mr. Hoeck's conviction on direct appeal in *People v. Hoeck,* No. 08CA1829 (Colo. App. Dec. 10, 2009) (unpublished decision). (Doc. No. 12-4).  The Colorado Supreme Court denied Applicant's request for certiorari review on April 5, 2010.  (ECF No. 12-6).

Mr. Hoeck filed a motion for sentence reconsideration on August 18, 2010, which the trial court denied on August 24, 2010.  (Doc. No. 12-1, at 6).  Applicant did not file an appeal.

Mr. Hoeck filed a motion for post-conviction relief pursuant to Colo. R. Civ. P. 35(c) on April 6, 2011, which was denied by the trial court.  (*Id.* at 6).  The Colorado Court of Appeals affirmed the trial court's order in *People v. Hoeck*, 11CA1057 (Colo. App. December 13, 2012) (unpublished).  (ECF No. 12-9).  The Colorado Supreme Court denied certiorari review on August 26, 2013.  (ECF No. 12-11).

Mr. Hoeck initiated this action on September 19, 2013.  He asserts the following claims in the Application:

> (1) the trial court's failure to suppress the taped conversation between Applicant and his roommate violated Applicant's constitutional rights and the wiretapping and eavesdropping act (ECF No. 1, at 2-3);

> (2) the evidence was insufficient to support Applicant's conviction (*id.* at 4);

> (3) the trial court abused its discretion by allowing a prosecution witness to opine about what quantity of drugs constitutes a distributable amount (*id.* at 5);

> (4) the trial court abused its discretion by imposing an aggravated range sentence (*id.* at 6);

> (5) the no-knock warrant was not supported by reasonable justification, in violation of the Fourth Amendment (*id.* at 6);

> (6) defense counsel committed numerous errors that cumulatively constituted ineffective assistance of counsel, by failing to: (a) properly investigate and prepare for trial; (b) interview and call critical alibi witnesses; (c) investigate Applicant's competency; (d) explore other viable defenses; (e) keep Applicant apprised of the case; (f) consult with an expert witness concerning Applicant's mental condition; (g) adequately litigate a motion to suppress; (h) have the drugs independently weighed and tested; and (i) have an expert analyze the recording of Applicant's conversation with his roommate (*id.* at 7-8);

> (7) counsel was ineffective by failing to adequately litigate a Fourth Amendment claim (*id.* at 8-11);

> (8) counsel was ineffective by failing to investigate Applicant's competency (*id.* at 11-13);

> (9) counsel was ineffective by failing to consult with expert witnesses concerning Applicant's competency (*id.* at 13-14);

> (10) counsel was ineffective by failing to have the drugs independently weighed and tested (*id.* at 15);

> (11) counsel was ineffective by failing to have an expert review the recording of Applicant's conversation with his roommate (*id.*);

3

(12) counsel was ineffective by failing to explore other viable defenses (*id.* at 15-17);

(13) counsel was ineffective by failing to apprise Applicant of the progress of the case (*id.* at 17-18);

(14) counsel was ineffective by failing to interview and present character witnesses at the sentencing hearing (*id.* at 18);

(15) the trial court's Fourth Amendment findings and conclusions constituted an abuse of discretion (*id.* at 18-20);

(16) the trial court abused its discretion by failing to have Applicant's competency evaluated (*id.* at 20);

(17) the trial court abused its sentencing discretion by imposing different sentences on Applicant and the co-defendant (*id.* at 20-21);

(18) counsel was ineffective due to a conflict of interest regarding applicant's religious beliefs (*id.* at 21).

## II.  Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (*See* ECF No. 12, at 4-8).

## III.  Exhaustion of State Remedies and Procedural Default

Respondents concede that Mr. Hoeck exhausted his state remedies for part of claim 1, claims 2, 5, 6, part of claim 7, claim 9, part of claim 10, part of claim 11,  and part of claim 12.  Respondents argue, however, that Applicant did not exhaust state court remedies for claims 8 and 14 because he failed to present those claims to the Colorado Supreme Court in a petition for certiorari review.  Respondents further contend that the remainder of Mr. Hoeck's claims are procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of *habeas corpus* may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a *habeas corpus* petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal *habeas corpus* action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a *habeas* petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an

independent and adequate state procedural ground is precluded from federal *habeas*

review, unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the federal violation, or demonstrate that failure to consider the claim will

result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v.*

*Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not

exempt him from the requirement of demonstrating either cause and prejudice or a

fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th

Cir. 1994).

## A. Claim 1

In claim 1, Applicant challenges the trial court's failure to suppress the taped

conversations between Applicant and his roommate as a violation of the Constitution

and the wiretapping and eavesdropping act. (ECF No. 1, at 2-3). Respondents argue

that the portion of claim 1 asserting a state statutory violation does not present an issue

cognizable on federal *habeas* review. (Doc. No 12, at 12-13).

A federal *habeas* court is limited to deciding whether a conviction "violat[ed] the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See*

*Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("We have stated many

times that 'federal *habeas corpus* relief does not lie for errors of state law,'" quoting

*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation

omitted); *see also* 28 U.S.C. § 2254(a).

On direct appeal of his conviction, Mr. Hoeck asserted a claim under Colorado's

Wiretapping and Eavesdropping Act, COLO. REV. STAT. ("C.R.S.") § 16-15-101 to 104

(2012). (Doc. No. 12-2, at 15, 17-18). He raises the same claim as part of claim one in

his federal application.  Because the alleged violation of a Colorado statute does not present a federal issue, this portion of claim one will be dismissed.

## B.  Claims 3 and 4

In claim 3, Mr. Hoeck asserts that the trial court abused its discretion by allowing a prosecution witness to opine about what quantity of drugs constitutes a distributable amount.  (ECF No. 1, at 5).  In support of his claim, he cites a Colorado evidentiary rule and state law cases that apply Colorado law.  (*Id.*).  In claim 4, Mr. Hoeck asserts that the state trial court abused its discretion by imposing an aggravated sentencing range. (*Id.* at 6).  He cites Colorado statutes and case law in support of this claim.  (*Id.*).  (ECF No. 12-2, at 33-44).  Respondents argue that claims 3 and 4 are procedurally defaulted because if Applicant attempted to present the claims as federal constitutional issues in the state courts at this time, the claims would be subject to dismissal as time-barred, successive, and an abuse of process.  (ECF No. 12, at 14-15).

The procedural default rule applies where a *habeas* petitioner presents a federal claim in a § 2254 application, but did not raise the federal issue before the state courts. *See Coleman*, 501 U.S. at 735 and n.1.  Here, Mr. Hoeck has raised the substance of claims 3 and 4 as state law issues in both the state and federal courts.  As such, claims 3 and 4 will be  dismissed for failure to present a federal issue cognizable under § 2254(a) and the Court need not reach the issue of procedural default.

## C.  Claim 7

In claim 7, Mr. Hoeck asserts that trial counsel was constitutionally ineffective in failing to adequately litigate a Fourth Amendment claim.  (ECF No. 1, at 8-11).

Respondents maintain that Applicant failed to exhaust his specific allegation that counsel failed to attack the search warrant (*see id.* at 8, 11) in the state post-conviction proceeding.  (ECF No. 12, at 17).

Respondents are correct.  (*See* ECF No. 12-8, at 6-9).  And, if Mr. Hoeck had attempted to raise the claim in a new state post-conviction proceeding, it would be dismissed on procedural grounds.

The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Hoeck's claim.  *See* Colo. R. Crim. P. 35(c)(3)(VII) (stating that the court shall deny any claim that could have been raised in a prior appeal or post-conviction proceeding); *see also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting the claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished).

Accordingly, the Court finds that Mr. Hoeck has procedurally defaulted part of claim 7 asserting that trial counsel was constitutionally ineffective in failing to challenge the search warrant.  Applicant is not entitled to have this Court review the merits of his

claim unless he meets the cause and prejudice standard or demonstrates that he is actually innocent of the crime.  *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Hoeck argues in his reply brief that his procedural default should be excused because the trial court failed to appoint counsel in his state post-conviction proceeding. (Doc. No 13, at 1-2).

In *Martinez v. Ryan*, __ U.S. ___, 132 S.Ct. 1309 (2012), the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a post-conviction proceeding, then the absence of post-conviction counsel, or ineffective assistance of post-conviction counsel, can constitute cause for the *habeas* petitioner's default of claims of ineffective assistance of trial counsel. 132 S.Ct. at 1318. The petitioner must also show that the underlying ineffective assistance of counsel claim is "substantial" – *i.e.*, has "some merit."  *Id.*  The holding in *Martinez* recognized an exception to the general rule announced in *Coleman* – that *habeas* petitioners have no constitutional right to post-conviction counsel in the first instance and so deficient performance by whatever counsel they may have ordinarily does not excuse procedural default. *Coleman*, 501 U.S. at 752-55; *see also Martinez*, 132 S. Ct. at 1315.

The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim.  *Martinez*, 132 S.Ct. at 1320; *see also Trevino v. Thaler*, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1911, 1915 (2013) (extending rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make [s] it

virtually impossible for an ineffective assistance claim to be presented on direct review" (quotation omitted)).

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.")). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)). Upon a careful review of Colorado case law, the Court finds that Colorado requires ineffective assistance of counsel claims to be raised in a post-conviction proceeding unless the claim can be resolved on the record.

At this time, the Court cannot determine whether the ineffective assistance of counsel issue raised in claim seven can be resolved on the basis of the record or if it is "substantial." Accordingly, the Court will defer ruling on whether Mr. Hoeck has demonstrated cause for his procedural default of part of claim 7, pursuant to *Martinez v. Ryan*, pending the Court's receipt and review of the state court record.

### D.  Claim 8

In claim 8, Mr. Hoeck asserts that trial counsel was ineffective by failing to investigate Applicant's competency.  (ECF No. 1, at 11-13).  Respondents contend that Applicant failed to exhaust state remedies for this claim because he did not present the claim to the Colorado Supreme Court in a petition for certiorari review.  (ECF No. 12, at 17-21).

The Court does not agree that Mr. Hoeck's failure to present claim 8 in a petition for certiorari review renders the claim unexhausted for purposes of federal *habeas* review.  In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Although the  Tenth Circuit has not addressed the specific issue, Respondents argue that in *Pendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012), the Circuit Court "suggested" that presentation before the state's highest court is necessary to satisfy the exhaustion requirement.  In *Pendergrast*, the Tenth Circuit noted that *Boerckel* requires a state *habeas* petitioner to present his claim to the state's highest court to satisfy the exhaustion requirement.  699 F.3d at 1184 n.2.  However, absent a definitive holding by the Tenth Circuit on the effect of Colo. App. R. 51.1, this Court holds that Mr. Hoeck's failure to raise claim 8 in his petition for certiorari review to the Colorado Supreme Court does not demonstrate that the claim is unexhausted.  Instead, the record supports a finding that Mr. Hoeck exhausted state remedies for claim eight because he presented the claims to the Colorado Court of Appeals and the state appellate court denied relief. (*See* ECF No. 12-8, at 9-10; No. 12-9, at 7-8).

### E.  Claim Ten

In claim 10,  Mr. Hoeck asserts that trial counsel was constitutionally ineffective in failing to have the drugs independently weighed and tested.  (ECF No. 1, at 15). He maintains that "[i]ndependent testing could have shown that the weights were incorrect, and that the substances were not a controlled substance."  (*Id.*).  Respondents argue that the portion of claim 10 addressing the nature of the substance is not exhausted because Applicant failed to present this issue to the Colorado Court of Appeals in his state post-conviction proceeding.

Respondents are correct.  (*See* ECF No. 12-8, at 11-13).  Although Mr. Hoeck did challenge the nature of the substance in his petition for certiorari review to the Colorado Supreme Court (*see* ECF No. 12-10, at 8), his failure to raise it an the intermediary level of state court review means that he failed to exhaust his state court remedies.  *See Boerckel*, 526 U.S. at 845.  If Mr. Hoeck attempted to raise the claim in a new post-conviction proceeding, it would be dismissed by the state court on procedural grounds.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, the Court finds that Mr. Hoeck has procedurally defaulted part of claim 10 asserting that trial counsel was constitutionally ineffective in failing to challenge the nature of the substance used to convict Applicant. This Court will not review the merits of that issue unless Mr. Hoeck meets the cause and prejudice standard or shows that he is actually innocent of the crime.  *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Hoeck argues in his Reply brief that his procedural default should be excused because the trial court failed to appoint counsel to represent him in the state post-

conviction proceeding.  At this time, the Court cannot determine whether the ineffective assistance of counsel issue can be resolved on the basis of the record or if it is "substantial."  Accordingly, the Court will defer ruling on whether Mr. Hoeck has demonstrated cause for his procedural default of part of claim 10, pursuant to *Martinez v. Ryan*, pending the Court's receipt and review of the state court record.

## F.  Claim 11

In claim 11, Mr. Hoeck asserts that trial counsel was constitutionally ineffective in failing to have an expert review the recording of Applicant's conversation with his roommate.  (ECF No. 1, at 15).  Specifically, Applicant contends that counsel failed to obtain a distinguishing voice exemplar, and failed to challenge "the reliability of the recording, the chain of custody and the destruction of the original recording." (*Id.*).  Respondents contend that Applicant failed to exhaust state remedies for the portion of his claim challenging the reliability of the record and chain of custody because he did not raise the issues before the Colorado Court of Appeals in state post-conviction proceeding.  (ECF No. 12, at 22-23).

The Court agrees with Respondents. (*See* ECF No. 12-8, at 11-13).  Further, if Mr. Hoeck attempted to raise his unexhausted allegations in a new post-conviction proceeding, it would be dismissed by the state court on procedural grounds.  *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95.  Accordingly, the Court finds that Applicant has procedurally defaulted that part of claim 11 which asserts that counsel failed to challenge the reliability of the recording or chain of custody.  This Court will not review the substance of the claim unless Mr. Hoeck

meets the cause and prejudice standard or shows that he is actually innocent of the crime. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Hoeck argues in his Reply brief that his procedural default should be excused because the trial court failed to appoint counsel to represent him in the state post-conviction proceeding. At this time, the Court cannot determine whether the ineffective assistance of counsel issue can be resolved on the basis of the record or if it is "substantial." Accordingly, the Court will defer ruling on whether Mr. Hoeck has demonstrated cause for his procedural default of part of claim 11, pursuant to *Martinez v. Ryan*, pending the Court's receipt and review of the state court record.

**G. Claim 12**

In claim 12, Mr. Hoeck asserts that trial counsel was constitutionally ineffective in failing to explore other viable defenses. (ECF No. 1, at 15-17). Specifically, Applicant maintains that counsel failed to explore Applicant's state of mind and competency, alibi and corroborating defense witnesses, and alternate suspects. (*Id.* at 16). Respondents contend that Mr. Hoeck failed to exhaust state remedies for the portion of his claim challenging counsel's failure to explore alibi witnesses because Applicant did not raise this allegation in his state post-conviction proceeding. (ECF No. 12, at 24).

The Court agrees with Respondents that the portion of claim 12 challenging counsel's failure to explore alibi witnesses was not exhausted. (*See* ECF No. 12-8, at 14-16). Further, if Mr. Hoeck attempted to raise his unexhausted allegation in a new post-conviction proceeding, it would be dismissed by the state court on procedural grounds. *See* Colo. R. Crim. P. 35(c)(3)(VII); *Valdez*, 178 P.3d at 1275; *Vondra*, 240 P.3d at 494-95. Accordingly, the Court finds that Applicant has procedurally defaulted

this portion of claim 12.  The Court will not review the claim unless Mr. Hoeck meets the

cause and prejudice standard or shows that he is actually innocent of the crime.  *See*

*Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Hoeck argues in his Reply brief that his procedural default should be excused

because the trial court failed to appoint counsel to represent him in the state post-

conviction proceeding.  At this time, the Court cannot determine whether the ineffective

assistance of counsel issue can be resolved on the basis of the record or if it is

"substantial."  Accordingly, the Court will defer ruling on whether Mr. Hoeck has

demonstrated cause for his procedural default of part of claim 12, pursuant to *Martinez*

*v. Ryan*, pending the Court's receipt and review of the state court record.

## H.  Claim 13

In claim 13, Mr. Hoeck asserts that trial counsel was constitutionally ineffective in

failing to apprise Applicant of the progress of the case.  (ECF No. 1, at 17-18).

Specifically, Applicant maintains that counsel failed to review discovery with Applicant,

who, because of a vision impairment, was unable to read; and, that counsel also failed

to discuss viable defenses, alibi witness statements, trial strategy and trial readiness

with him.  (*Id.* at 17).  Respondents argue that the substance of the claim raised by

Applicant in his federal Application is not exhausted because it is not same claim that he

presented to the Colorado Court of Appeals. (ECF No. 12, at 25-27).

In the state post-conviction proceeding, Mr. Hoeck argued that counsel failed "to

adequately keep [Applicant] apprised of the investigation of the case, trial strategy and

readiness for hearings and trial."  (ECF No. 12-8, at 19).  Applicant also maintained that

"the issue of communication between [him] and defense counsel did affect the fairness of [his] trial."  (*Id.* at 20).

The Colorado Court of Appeals affirmed the trial court's order denying this claim on the ground that Applicant "fail[ed] to indicate how the purported communication problems impacted the case, other than to make a conclusory statement that the communication problems affected the trial's fairness."  (ECF No. 12-9, at 13).

Although Mr. Hoeck adds some additional details to his federal claim that were not included in his claim before the state courts, the Court finds that these details do not place the ineffective assistance of counsel "in a significantly different legal posture" than the claim that was presented to the Colorado Court of Appeals.  *See Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (finding claims unexhausted when petitioner made general allegations of ineffective assistance of counsel in state court and more specific allegations in federal habeas court on habeas that placed the claim "in a significantly different legal posture" ).  The Colorado Court of Appeals resolved the claim in the state post-conviction proceeding under the prejudice prong of the two-part inquiry in *Strickland v. Washington*, 466 U.S. 668 (1984).  The additional details contained in Mr. Hoeck's federal claim would not have affected the state appellate court's analysis.  In short, the Colorado Court of Appeals was "afforded an opportunity to apply controlling legal principles to the facts bearing on [Applicant's] constitutional claim."  See *Anderson*, 459 U.S. at 6 (citing *Picard*, 404 U.S. at 276-66).  Accordingly, the Court rejects Respondents' assertion that claim thirteen was not exhausted in the state courts.

**I.  Claim 14**

In claim 14, Mr. Hoeck asserts that trial counsel was constitutionally ineffective in failing to interview and present character witnesses at the sentencing hearing. (ECF No. 1, at 18). Respondents argue that the claim is unexhausted because Applicant did not present it to the Colorado Supreme Court in his petition for certiorari review. (ECF No. 12, at 27).

The Court rejects Respondents' argument. Mr. Hoeck presented claim 14 to the Colorado Court of Appeals and the Court of Appeals denied relief on the merits (*see* ECF No. 12-8, at 20-21; No. 12-9, at 13-15). Accordingly, the Court finds that Applicant has satisfied the exhaustion requirement for the reasons discussed in Section III.D.*, supra.* (addressing claim eight).

**J. Claims 15, 16 and 17**

Mr. Hoeck asserts in his Application that the trial court's Fourth Amendment findings and conclusions constituted an abuse of discretion (claim 15); that the trial court abused its discretion by failing to have Applicant's competency evaluated (claim 16); and, that the trial court abused its sentencing discretion by imposing different sentences on Applicant and the co-defendant. (ECF No. 1, at 18-21). Respondents argue that claims 15, 16 and 17 were procedurally defaulted in the state courts because the Colorado Court of Appeals determined in Mr. Hoeck's state post-conviction proceeding that the claims were successive. (ECF No. 12, at 27-28).

The Colorado Court of Appeals rejected claims 15, 16 and 17 because the claims were either resolved in Applicant's prior appeal, or could have been raised in the direct appeal proceeding, citing Colo. R. Crim. P. 35(c)(3)(VI) and (VII). (ECF No. 12-9, at 16-17).

The Court does not agree with Respondents that claim 15 is procedurally defaulted. Mr. Hoeck asserts in his federal Application that the trial court abused its discretion in denying his motion to suppress the tape-recorded conversation between him and his roommate on the ground that Applicant had no reasonable expectation of privacy in his front yard. (ECF No. 18-20). The Colorado Court of Appeals resolved this claim against Applicant in his direct appeal proceeding. (ECF No. 12-4, at 4-10). As such, Mr. Hoeck did not procedurally default the claim in the state courts. *See Cone v. Bell*, 556 U.S. 449, 466 (2009) ("When a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review."). However, the claim appears to be duplicative of the issues raised in claim one. Accordingly, the court will treat the Fourth Amendment issues raised in claims 1 and 15 the same.

Claims 16 and 17 were not raised and resolved in Applicant's direct appeal proceeding and are therefore procedurally defaulted under Colo. R. Crim. P. 35(c)(3)(VII), which bars claims that could have been raised on direct appeal. As discussed previously, Colo. R. Crim. P. 35(c)(3)(VII)provides an adequate and independent state ground for rejection of post-conviction claims. *See Burton*, 340 F. App'x at 545-55 (Crim. P. 35(c)(3)(VII)); *Williams*, 331 F. App'x at 563. Mr. Hoeck is thus not entitled to federal *habeas* review of claims 16 and 17 unless he meets the cause and prejudice or actual innocence standard.

Mr. Hoeck argues in his Reply brief that his direct appeal counsel was constitutionally ineffective in failing to raise the substance of claims 16 and 17 on direct appeal. (Doc. No. 13, at 2).

Appellate counsel's failure to raise a meritorious issue on direct appeal may constitute cause to excuse a procedural default.  *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006).  However, the claim that appellate counsel was constitutionally ineffective must itself be exhausted in the state courts.  *Edwards*, 529 U.S. at 453.

Mr. Hoeck did not exhaust a claim of ineffective assistance of appellate counsel in the state courts and therefore has procedurally defaulted that claim.  He has not shown cause and prejudice for the procedural default (*see id.*), or alleged any facts in his Reply brief to suggest that he is actually innocent of the crime.  *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000).  Claims 16 and 17 thus will be dismissed as procedurally barred.

**K.  Claim 18**

For his final claim, Mr. Hoeck asserts that his trial counsel was constitutionally ineffective due to a conflict of interest regarding Applicant's religious beliefs.  (ECF No. 1, at 21).  Respondents argue that Applicant procedurally defaulted claim 18 in the state courts by failing to raise it in the trial court.  (ECF No. 12, at 29).

In Mr. Hoeck's state post-conviction proceeding, the Colorado Court of Appeals refused to address Applicant's ineffective assistance of counsel claim because he failed to raise the issue in his Colo. R. Crim. P. 35(c) motion before the trial court.  (ECF No. 12-9, at 15-16).  The state appellate court's decision was based on an adequate and independent state procedural rule that is regularly followed in the state courts.  *See See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) ("Because defendant did not raise this particular issue in his Crim. P. 35(c) motion, we decline to consider it.");

*People v. Zuniga*, 80 P.3d 965, 971 (Colo. App. 2003) (same); *People v. Goldman*, 923 P. 2d 374, 375 (Colo. App. 1996) (same).  Accordingly, Applicant is not entitled to a merits review of his claim unless he meets the cause and prejudice or fundamental miscarriage of justice standard.  *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Hoeck argues in his Reply brief that his procedural default should be excused because the trial court failed to appoint counsel to represent him in the state post-conviction proceeding.  At this time, the Court cannot determine whether the ineffective assistance of counsel issue can be resolved on the basis of the record or if it is "substantial."  Accordingly, the Court will defer ruling on whether Mr. Hoeck has demonstrated cause for his procedural default of claim 18, pursuant to *Martinez v. Ryan*, pending the Court's receipt and review of the state court record.

## IV.  ORDERS

For the reasons discussed above, it is

ORDERED that the following claims are DISMISSED without prejudice because the claims do not present federal issues cognizable under 28 U.S.C. § 2254: (a) the allegations in claim 1 challenging the trial court's failure to suppress the taped conversations between Applicant and his roommate as a violation of the Colorado wiretapping and eavesdropping act; (b) claim 3; and, (c) claim 4.  It is

FURTHER ORDERED that claims 16 and 17 are DISMISSED with prejudice as procedurally barred.  It is

FURTHER ORDERED that within thirty days from the date of this Order, Respondents shall file an Answer in compliance with Rule 5 of the Rules Governing

Section 2254 Cases that fully addresses the merits of Applicant's properly exhausted claims:(a) part of claim 1; (b)  claims 2, 5, and 6; (c) part of claim 7; (d) claims 8 and 9; (e) part of claim 10; (f) part of claim 11; (g) part of claim 12;  and (h) claims 13, 14 and 15.  Said Answer shall further address whether the unexhausted ineffective assistance of counsel allegations in the remainder of claims 7, 10, 11, and 12, and in claim 18, have substantial merit under *Martinez v. Ryan*.   It is

FURTHER ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 3rd day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge