**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-02575-WJM

DAVID B. HOECK,

      Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

      This matter is before the Court on the Motion for Relief from Court Order or

Judgment (ECF No. 24) filed *pro se* by Applicant, David B. Hoeck, on May 5, 2014.

The Court must construe the document liberally because Mr. Hoeck is not represented

by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will

be construed as a motion for reconsideration.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Hoeck's motion to reconsider was filed fourteen days after a final judgment was entered dismissing this action on April 21, 2014.   Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

## I.  Procedural Background

Mr. Hoeck's § 2254 Application presented eighteen claims for relief.  During initial review, the Court dismissed claims three and four, and part of claim one, because the allegations failed to present issues cognizable under § 2254. (ECF No. 16, at 21; Feb. 3, 2014 Ord.).  The Court also dismissed claims 16 and 17 as procedurally barred.  (*Id.*).  Respondents were ordered to answer the properly exhausted claims, and to address the applicability of *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), to the procedurally defaulted ineffective assistance of trial counsel claims, within thirty (30) days of the February 3 Order.  (*Id.* at 21-22).  Respondents filed an Answer on February 26, 2014, and Applicant filed his Reply on March 13, 2014.  (ECF Nos. 19, 21).  On April 21, 2014, the Court entered an Order denying the § 2254 Application and dismissing the action with prejudice.  Judgement was entered the same day.

## II.  Standard of Review

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Specific grounds for reconsideration under Fed. R. Civ. P. 59(e)

include: "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

(citing *Brumark Corp.v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

A motion to reconsider should not be used to revisit issues already addressed or

advance arguments that could have been raised earlier. *Id.*

## III.  Analysis

Mr. Hoeck argues in his motion that this Court incorrectly applied the AEDPA

standard of review to deny relief for his claims.  However, Applicant fails to demonstrate

that the Court's resolution of his claims (1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.  28 U.S.C. § 2254(d).  Mr. Hoeck is reminded that "that review

under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the claim on the merits."  *Cullen v. Pinholster*, ___ S. Ct. ___, 131 S.Ct.

1388, 1398 (2011).   This means that "evidence introduced in federal court has no

bearing on § 2254(d)(1) review."  *Id.* at 1400.

In support of his claim that trial counsel was ineffective in failing to investigate his

competency, Mr. Hoeck maintains that counsel knew that he suffered a closed head

injury approximately one year prior to trial, that Applicant signed release forms

authorizing counsel to obtain his medical records, and that counsel should have

investigated medical providers who allegedly would have testified as to Applicant's

mental incompetency at the time of trial.  (ECF No. 24, at 2).  The Court addressed and

rejected Applicant's claim in the April 21, 2014 dismissal order under the AEDPA standard of review and his allegations will not be revisited here.  *See Servants of the Paraclete*, 57 F.3d at 948.

Furthermore, although Mr. Hoeck identifies the medical providers who would have testified about his incompetency, he fails to submit any affidavits from the proposed witnesses.  As such, he has not made a colorable showing of prejudice resulting from counsel's alleged deficient performance.  *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); *Sanders v. Trickey*, 875 F.2d 205, 210-11 (8th Cir. 1989) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice); *United States v. Gallant*, Nos. 13-1041 and 1048, 2014 WL 1613334, at *3 (10th Cir. April 24, 2014)  ("unsupported descriptions [of proposed witness testimony], which also fail to show that the uncalled witnesses would have testified at trial, are insufficient to show prejudice"); *Cf. United States v. Cosby*, 983 F.Supp. 1022, 1026 (D. Kan.1997) (refusing to consider defendant's assertions about how an alleged alibi witness would have testified because defendant did not obtain an affidavit explaining the witness's proposed testimony in his own sworn statement).

And, finally, Mr. Hoeck maintains that he is actually innocent of the crime. However, the Supreme Court has never recognized a free-standing constitutional claim of actual innocence.  *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). Instead, actual innocence may excuse a habeas petitioner's procedural default of a federal claim in state court to prevent a fundamental miscarriage of justice. *See Schlup*

4

*v. Delo*, 513 U.S. 298, 314-15 (1995).  A *Schlup* claim of innocence is thus "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* (quoting *Herrera*, 506 U.S. at 404).

Moreover, even if the Court considered Mr. Hoeck's allegations under the *Schlup* standard to excuse his procedural default of certain claims, he has not made a sufficient showing.  A claim of actual innocence requires an applicant "to support his allegations of constitutional error with *new reliable evidence*–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that  was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis supplied); *see also House v. Bell*, 547 U.S. 518, 537-38 (2006).  The actual innocence exception to the procedural default doctrine does not apply where the evidence relied on by the habeas petitioner was known to him before trial.  *See McGee v. Rudek*, No. 116241, 458 F. App'x 781, 782 (10th Cir. Feb. 27, 2012) (unpublished).  Because Mr. Hoeck relies on information that was available to him before trial (ECF No. 24, at 4-5), he may not rely on his alleged innocence to revive his procedurally defaulted claims.

Upon consideration of the motion and the entire file, the Court finds that Mr. Hoeck has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed.  Accordingly, it is

ORDERED that the Motion for Relief from Court Order or Judgment (ECF No. 24), filed *pro se* by Applicant, David B. Hoeck, on May 5, 2014, which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of

Civil Procedure, is DENIED.

   Dated this 13th day of May, 2014.

                              BY THE COURT:


                              _____
                              William J. Martínez
                              United States District Judge

6